[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6045
This matter comes before the court concerning custody and visitation issues involving the parties minor child, Ashanti Pinckney, born April 30, 1998. The parties were never married and by summons and complaint dated March 1, 1999, the plaintiff sought sole custody of her daughter. Thereafter, the parties have returned to court on numerous occasions on various motions and ex parte requests, all involving custody and visitation issues. Temporary orders were issued by the court or by the court with the agreement of the parties. On June 27, 2001, the court referred the matter to the Family Division of the Superior Court for a custody evaluation. The initial referral was returned to court due to the lack of cooperation by the plaintiff. The case was subsequently re-referred to the Family Division which completed a custody evaluation. Further, the court appointed Attorney Otto Iglesias as the guardian ad litem for the minor child.
The court held a hearing on May 6, 2002 when the parties appeared pro se and offered their testimony and that of their witnesses. The court also heard the testimony of Roger Frigon, Family Relations Counselor, and Attorney Otto Iglesias. Guardian ad Litem and accepted their reports. The court, having reviewed the testimony and reports makes the following findings of fact.
At the present time the plaintiff lives in Meriden with Ashanti when she has visitation. Ashanti's Godmother also lives with them on a temporary basis. The plaintiff also has a son a little older than Ashanti who lives with her aunt. The aunt is the primary caregiver of that child. In large measure the Godmother has acted in the role of "mommy' for Ashanti due to the physical and emotional problems of the plaintiff. Ashanti has missed a great deal of school being with her mother.
The defendant has moved to North Carolina and has married and has another child. His wife is in the military. They are able to provide a loving and nurturing environment for Ashanti. In addition. Ashanti has a loving and caring paternal grandmother in Connecticut.
The court finds that it would be in Ashanti's best interests to reside with the defendant with substantial visitation by the plaintiff.
The following orders shall enter:
1. The parties shall share joint legal custody of their daughter, Ashanti, with primary residence with the defendant in Fayetville, North Carolina. CT Page 6046
2. The plaintiff shall have visitation with Ashanti in Connecticut in accordance with the schedule hereinafter set forth. In addition, the plaintiff shall have reasonable visitation with her daughter in North Carolina provided she give the defendant adequate notice of her right to request the same.
3. The defendant shall have visitation with Ashanti in Connecticut should he chose to visit her while she is with the plaintiff. Such visitation shall be reasonable with adequate notice and shall not interfere with the plaintiff's visitation.
4. As soon as possible the defendant shall obtain through his wife's employer medical insurance for the benefit of Ashanti and confirm such medical coverage to the plaintiff. In the interim the plaintiff shall continue to cover Ashanti with the existing medical insurance she has in place.
5. Each parent shall have reasonable and liberal telephone access to Ashanti while she is in the care of the other parent.
6. The plaintiff shall have the following visitation schedule:
Six consecutive weeks during the summer months and one week in seven alternating months beginning in June of 2002. This schedule shall continue until further order of the court and be agreed upon by the parties. If Ashanti is with the plaintiff on any major holiday then he may have visitation of at least four hours with his daughter.
7. All costs of transporting Ashanti from and to North Carolina shall be paid for by the defendant until further order of the court.
8. The defendant shall be entitled to remove Ashanti to North Carolina at the expiration of seven days after the date of this decision.
BY THE COURT
Caruso, J.